IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GROFF TRACTOR MID ATLANTIC, LLC,** § § § | | |
| Plaintiff, § § | | |
| v. § | Civil Action No. **3:25-CV-197-L** | |
| § | | |
| **RUBBLE MASTER AMERICAS CORP.,** § § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand ("Motion" or "Motion to Remand") (Doc. 6), filed February 17, 2025. For the reasons herein explained, the court **grants** the Motion (Doc. 6) and **remands** this action to state court.

**I. Discussion**

Plaintiff Groff Tractor Mid Atlantic, LLC ("Plaintiff" or "Groff") contends that the removal of this action to federal court by Defendant Rubble Master Americas Corp. ("Defendant") on January 27, 2025, was untimely under 28 U.S.C § 1446(b)(1) because the case was removed more than thirty days after Defendant received notice of the lawsuit on December 13, 2024, the date Defendant was served with process. Plaintiff further contends that, even if Defendant disputes being served on this date, the e-mail sent its attorney on December 20, 2024, shows that Defendant had notice of this lawsuit by this date. Plaintiff, therefore, requests that the court remand this action to state court.

Section 1446(b)(1) provides that:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Thus, Defendant was required to remove this action the earlier of thirty days from service of Plaintiff's Petition or receiving notice of this lawsuit. *See id.*

Defendant counters that its removal of this action was timely or, even if untimely, Plaintiff is estopped from arguing otherwise because:

> 24. In this case, the time to respond to the lawsuit was extended by twenty days. This renders the removal timely. Defendant requested an extension of time in this lawsuit. Plaintiff granted Defendant's request for an extension of time to respond. Exh. 20, APP. 256-258; Exh. 21, APP. 259-260[.]
>
> 25. In addition, a defendant does not lose the[] right to remove when a plaintiff waives the time limit, or if a defendant can show some equitable reason why that limit should not be applied. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). Furthermore, the courts have recognized that the thirty-day time frame for removal prescribed by 28 U.S.C. § 1446(b) may be extended through estoppel. *Nicola Prods. Corp. v. Showart Kitchens, Inc.*, 682 F. Supp. 171, 173 (E.D.N.Y. 1988)[.]
>
> 26. Here, Plaintiffs are estopped from rem[and]ing this action to state court. On December 20, 2024, immediately after receiving notice of this action filed in state court and prior to the expiration of § 1446(b)'s time limit, Defense Counsel reached out to Plaintiff's counsel to request a twenty (20) day extension of time to respond. Exh. 20, APP. 256-258; Exh. 21, APP. 259-260. Plaintiff's Counsel immediately responded to the correspondence granting said extension. *Id.* Defendant relied upon Plaintiff's agreement and filed its Notice of Removal on January 27, 2024, which was within the time agreed upon by the parties. Evidently, Defendant relied on Plaintiff's representations to its detriment, as Plaintiff is now moving to remand despite Defendant complying with the parties' agreed upon extension of time.
>
> 27. In fact, Plaintiffs have been overtly disingenuous before this court by omitting their response to Defense Counsel's email requesting such an extension. ECF Doc. 006-2, p. 5. As shown in the full email correspondence between Defense Counsel and Plaintiff's Counsel attached hereto as Exhibit 20, Plaintiff granted Defendant's request for an extension of time to respond to this lawsuit within minutes of same being requested. Exh. 20, APP. 256-258; Exh. 21, APP. 259-260. Plaintiff's deliberate omission of its response to Defense Counsel directly reflects on its credibility.

> 28. Courts have held that a plaintiff is estopped from moving to remand an action when a defendant untimely files its notice of removal due to the duplicity of the plaintiff. *Staples v. Joseph Morton Co.*, 444 F. Supp. 1313-14 (E.D.N.Y. 1978). It would be inequitable to apply the time limitations of 28 U.S.C. § 1446(b) in a situation like the one at hand, where Plaintiff has deceived the Court and Defendant in order to hinder Defendant from asserting its statutory right to remove. *Id.*

Def.'s Resp. ¶¶ 24-28. In addition, Defendant argues that the thirty-day deadline is not jurisdictional, and courts have held that the thirty-day deadline under section 1446(b) can be extended under certain equitable circumstances such as those referenced.

Defendant is correct that "[t]imeliness of removal is a procedural rather than a jurisdictional issue" and, as such, it "may be waived by an untimely objection." *In re TXNB Internal Case*, 483 F.3d 292, 299 (5th Cir. 2007) (citing *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 359-60 (5th Cir. 1990)). Plaintiff, however, timely moved to remand this action within twenty days of it being removed by Defendant. *See* 28 U.S.C. § 1477 (requiring motions to remand to be filed within thirty days after the filing of a notice of removal unless based on subject matter jurisdiction). Consequently, the only issue remaining is whether Defendant's removal was timely.

Defendant does not dispute being served with the Plaintiff's Petition on December 13, 2024. Accordingly, its deadline to remove this action was Monday, January 13, 2025. *See* 28 U.S.C § 1446(b)(1); *see also* Fed. R. Civ. P. 6(a)(1)(C) (in computing deadlines, if the last day of the period falls on a weekend or holiday, the deadline is the next day that does not fall on a weekend or holiday). The e-mail submitted by Defendant in support of its response to Plaintiff's Motion reflects that Plaintiff agreed to give Defendant a "20[-]day extension to file an Answer" in this action. Def.'s App. 257 (Doc. 12).

The e-mail, however, says nothing about extending Defendant's removal deadline. Defendant apparently conflates Plaintiff's agreement to extend its time to file an answer with its

statutory deadline to remove this action under § 1446(b)(1).  An answer is not the equivalent of a notice of removal, and Defendant offers no explanation or legal authority to support its suggestion that an extension of its deadline to file an answer to Plaintiff's Petition under state or federal rules of civil procedure also extended its statutory deadline to file a notice of removal under § 1446(b)(1) as established by Congress.  For the same reason, its estoppel argument is unfounded and without merit, and the cases it relies on are distinguishable.

Because Defendant removed the action more than thirty days after being served with Plaintiff's Petition, the removal is untimely. Remand on this ground is, therefore, appropriate.  The court need not consider the validity of the alternate arguments urged by either party with respect to the appropriateness of Defendant's removal based on diversity or federal question jurisdiction, as these arguments are mooted by the undersigned's discussion and determination regarding the untimeliness of the removal of this action.

## II.     Attorney's Fees

Plaintiff's Motion also includes a request for attorneys' fees in the amount of $17,700 that were incurred in connection with its Motion.  Defendant did not respond to Plaintiff's request to recover attorney's fees.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to grant or deny attorney's fees is within the discretion of the court and an award of such fees and costs is not automatic under § 1447(c). *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The Fifth Circuit has stated that attorney's fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004) (citation omitted). "[T]he

objective merits of removal are evaluated at the time of removal." *Valdes*, 199 F.3d at 293. For the reasons already explained, the court determines that Defendant lacked objectively reasonable grounds to believe that its removal of this action was legally proper or timely such that Plaintiff is entitled to an award of reasonable attorney's fees. The court's remaining analysis, therefore, focuses on the amount of attorney's fees to be awarded.

In determining the appropriate award of attorney's fees, courts apply the lodestar method and the factors in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). *Halliburton Latin Am. SA v. International Tech. Sols.*, 2001 WL 1013047, at *1 (5th Cir. July 31, 2001). Under the lodestar method, the court first calculates the "lodestar" amount, which is determined "by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Thompson v. Connick*, 553 F.3d 836, 867 (5th Cir. 2008) (citation omitted). The lodestar is presumptively reasonable. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The court then determines whether the lodestar amount should be calculated upward or downward based on the circumstances in the case using the following factors:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Thompson*, 553 F.3d at 867 (citing *Johnson*, 488 F.2d at 717-19).

In support of its request for attorney's fees, Plaintiff submitted the affidavit of Christina Gratke Nason, who states that she is an attorney at Kershaw Anderson King, PLLC and represents Plaintiff in this litigation. Ms. Nason further states that she spent 23.6 hours at a billable hourly rate of $750 to review Defendant's Notice of Removal, draft Plaintiff's Motion to Remand, draft

her affidavit and the affidavit of Groff vice president of finance Charles Collie, and conduct legal research and analyze the bases for removal. The lodestar amount is, therefore, $17,700, which is the amount sought by Plaintiff.

Billing documentation was not submitted in support of the request for attorney's fees, but Ms. Nason's affidavit includes a chart detailing the dates, legal services, and amount of time she spent on each task. In addition, Ms. Nason states that she is familiar with the rates charged by attorneys practicing civil litigation in Dallas County, Texas, and she expresses the opinion, based on her education, training, and experience, that the amounts reflected in her affidavit are reasonable and customary for the services provided, and that the hours expended were reasonable and necessary to obtain a remand on behalf of her client.

Ms. Nason's affidavit, however, includes no information regarding her legal experience that would support an hourly rate of $750. In doing a quick search online, the court was able to glean from her law firm's website that she has been licensed more than 30 years and currently serves as "Of Counsel," which explains the high billing rate. What is not apparent, though, is why someone of Ms. Nason's experience, as opposed to a lower billing associate, could not have drafted Plaintiff's Motion, conducted research, and done most of the leg work involved at Ms. Nason's direction, as the issues presented are not novel or complex.

Further, there is no evidence that she exercised billing judgment. Billing judgment requires that counsel write off or exclude from an attorney's fee request "any excessive, redundant, or unproductive hours." *Walker v. United States Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). Counsel for Plaintiff did not do this, and therefore no billing judgment was exercised. In *Walker*, the Fifth Circuit reduced the attorney's fee award by 15%. In light of the court's concern that there is no explanation of why a less experienced attorney could not have performed the bulk

of the work performed, and given Plaintiff's failure to exercise billing judgment, the court—using its measured discretion and experience in awarding attorney's fees for more than 26 years—determines that the fee request should be reduced by 25%. Accordingly, the court will grant Plaintiff's request for an award of attorney's fees; however, it reduces the total amount of attorney's fees requested by 25%, which results in a total fee award of $13,275.

### III.    Conclusion

For the reasons discussed, the court **concludes** that Defendant's removal of this action was untimely under § 1446(b)(1), and it lacked objectively reasonable grounds to believe its removal was timely or proper. The court, therefore, **grants** Plaintiff's Motion (Doc. 6), **remands** this action to the 378th Judicial District Court in Ellis County, Texas, from which it was removed, and **directs** the clerk of court to effect the remand in accordance with the usual procedure. Further, the court **grants in part** Plaintiff's request for attorney's fees and **awards** Plaintiff **$13,275** for reasonable attorney's fees incurred in obtaining the remand of this action.

**It is so ordered** this 28th day of May, 2025.

Sam A. Lindsay
United States District Judge